# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1785

_____

| | | |
|---|---|---|
| Sylvester Everett Hahn, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Lorene Armstrong; John Doe, "wing | * | |
| guard"; John Doe, "housing unit | * | |
| manager"; David A. Penrod, | * | |
| Correctional Officer III; | * | Appeal from the United States |
| Ryan Hillis, Corretional Officer I; | * | District Court for the |
| Brad Troutt, Correctional Officer I; | * | Eastern District of Missouri |
| Jonathan Rice, Correctional Officer III; | * | |
| Jeffrey Parks, Correctional Officer I; | * | [UNPUBLISHED] |
| Harvey Cannoles, Correctional Officer I; | * | |
| Johnny Williams; Larry Eaglebear; | * | |
| Anthony Melton; Teddy Barnes; | * | |
| Richard Leavitt; Bobby Bollinger; | * | |
| Kenneth Dalton; Terry Dare; | * | |
| Alford Northern; Susan Wickliffe; | * | |
| Layla Sutton; Jane Doe, "nurse"; | * | |
| John Doe, "doctor", all in their | * | |
| individual and official capacities, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: January 12, 2011
Filed: January 18, 2011

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Sylvester Everett Hahn appeals the magistrate judge's[1] order dismissing his 42 U.S.C. § 1983 complaint against various prison officials at the Southeast Correctional Center (SECC) in Missouri, where he was formerly a prisoner. We affirm.

Hahn alleges that SECC officials allowed other inmates into his cell to attack him on March 31, 2004. He admits that he did not avail himself of any administrative remedies until November 20, 2008. Hahn argues that his delay should be excused because prison officials ignored his request for information about the grievance process and also because necessary medical treatment and erroneous legal advice prevented him filing his grievance earlier. The magistrate judge found that these circumstances did not excuse Hahn from his obligation to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [§ 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

On appeal "[w]e review the district court's findings of fact under the clearly erroneous standard and its conclusions of law de novo." Walker v. Maschner, 270 F.3d 573, 576 (8th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense that, when pled and proven, "requires immediate dismissal of all claims brought by inmates with respect to prison conditions . . . under 42 U.S.C. § 1983." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005). The PLRA requires "that a prisoner must complete the administrative review process in accordance with the

_____

[1]The Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri.

applicable procedural rules, <u>including deadlines</u>, as a precondition to bringing suit." <u>Woodford v. Ngo</u>, 548 U.S. 81, 88 (2006) (emphasis added).

Hahn admits that he failed to meet the required administrative deadlines. He did not file an informal resolution request within fifteen days of the incident or an offender grievance within fifteen days of his transfer to a different correctional facility. The only question here is whether his four year delay should be excused on account of his allegation that prison officials ignored a request he made for information about the grievance process or his claims that medical treatment and poor legal advice justified his delay.

Hahn's claim that prison officials ignored his request for information about the grievance process does not excuse his delay. This court has "only excused inmates from complying with . . . grievance procedures when officials have prevented prisoners from utilizing the procedures, . . . or when officials themselves have failed to comply with the grievance procedures." <u>Gibson</u>, 431 F.3d at 341 (citations omitted). Hahn does not allege that he tried to file a timely grievance or was prevented from doing so by any prison official. The facts alleged by Hahn are therefore distinct from those in cases where a prisoner's explicit and repeated requests for grievance forms were ignored, <u>see</u> <u>Miller v. Norris</u>, 247 F.3d 736, 738 (8th Cir. 2001), or where prison officials themselves failed to comply with grievance procedures, <u>see</u> <u>Foulk v. Charrier</u>, 262 F.3d 687, 688 (8th Cir. 2001).

Finally this court has not recognized exceptions to the PLRA's exhaustion requirement for delay due to medical treatment or poor legal advice. Even were we to recognize these exceptions, they would not excuse the four year delay in this case.

For the foregoing reasons we affirm the order dismissing Hahn's claims.

_____